UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>ANTHONY JONES. ) | Criminal Number<br>19-201-JDL |

MOTION TO RECONSIDER ORDER ON MOTION FOR DISCOVERY

I.     BACKGROUND

This case stems from the stop of Mr. Jones as he drove north on the Maine Turnpike on September 30, 2019. Mr. Jones was stopped for an expired inspection sticker. After being stopped, he was subjected to prolonged interrogation and was detained for a prolonged period of time, without articulable suspicion that criminal activity was afoot, while the Trooper waited for a drug dog to show up. Mr. Jones has challenged the prolonged detention on the basis of the Supreme Court ruling in *Rodriguez v. United States,* 135 S.Ct 1609, 1616 (2015).

In his Motion for Discovery, Mr. Jones seeks to discover information concerning other cases investigated by the Trooper, to see whether there is a pattern of racial profiling. If there is, Mr. Jones will file a Motion to Dismiss based upon a violation of Due Process.

The Court has ruled that, at this point in the proceedings, being that no hearing has been held on the Motion to Suppress, no showing has been made by Mr. Jones that there was no articulable suspicion, and therefore Mr. Jones has not met his burden of showing that an in camera review of the material, pursuant to typical *Brady* practice, that he requests in this motion would reveal evidence of racial profiling.

Since filing the Motion for Discovery, counsel for Mr. Jones has learned of other cases involving this Trooper and African-American motorists. In one case, *State v. Edward Williams*, UCD 18-713, Judge Moscowitz actually granted a Motion to Suppress Evidence, based upon *Rodriguez*, on facts strikingly similar to the facts of this case.

In another case, *United States v. Terrel Walker*, 19-220-JDL, the same Trooper is heard telling a compatriot that he pulls people over if they have "dreads" and a "wife beater" shirt. "Dreads" refers to dreadlocks, which is a predominantly African-American hairstyle. This is direct evidence from the Trooper's own mouth, that this Trooper detains people based upon their looks, including skin color, rather than actual articulable suspicion of crime.

II.     Discussion[1]

Selective prosecution of individuals based upon race violates the Equal Protection Clause of the 5th Amendment Due Process Clause. A prosecutor must not base a prosecutorial decision on race, religion or other arbitrary classification. *Oyler v. Boles,* 368 U.S. 448, 456 (1962). It is presumed that a prosecutorial decision to charge an individual is based upon probable cause. *United States v. Armstrong,* 517 U.S. 456, 464 (1966). To overcome this presumption, a criminal defendant must present "clear evidence to the contrary." *Id. At 465.* Specifically, "the claimant must demonstrate that the federal prosecutorial policy 'had a discriminatory effect and that it was motivated by a discriminatory purpose.'" *Id.* To establish discriminatory effect in a race case, the defendant must show that "similarly situated individuals of a different race were not prosecuted." *Id.* The test, therefore, as announced in *Armstrong,* is that, in order to get discovery

---

[1] In the initial filing, Defendant based his argument on Brady. In this iteration of his request for additional discovery, Defendant takes a different approach, instead basing his argument on United States v. Armstrong and its progeny.

on other incidents of selective prosecution based upon race, there must be a showing by the defendant that other races could have been prosecuted but were not. *Armstrong.* 517 U.S. at 469.

As with selective prosecution, selective enforcement of the law by police based upon race, also constitutes a violation of Due Process. This is otherwise known as racial profiling and is grounds for dismissal of criminal charges.

The *Armstrong* test for discovery in selective prosecution cases has been applied in the context of selective enforcement cases. *See United States v. Barlow,* 310 F.3d 1007, 1010 (7th Cir. 2002). There are no First Circuit cases on this issue. The *Barlow* court held that the required showing, in order to obtain further discovery concerning racial profiling, by an African American claimant, is that a law or regulation was enforced against him, but not against similarly situated individuals of other races. *Id.* at 1010, citing *Armstrong* at 465; *Chavez v. Illinois State Police,* 251 F.3d 612, 635-36 (7th Cir. 2001); *United States v. Hayes,* 236 F.3d 891, 895(7th Cir. 2001).

Thus, the issue is whether the Trooper orders every person that he stops, regardless of race, out of the car, and whether he detains every person that he stops for a prolonged period of time, while he waits for a drug dog to show up. Or is it only the young African-American motorists that are subjected to such treatment by this Trooper? There are at least two cases in which the Trooper has stopped an African-American male for innocuous traffic infractions and turned the encounter into a drug investigation, with the use a drug dog, with no articulable suspicion that the person was engaged in drug activity. One of the cases, *State v. Williams*, actually resulted in the exclusion of the drug evidence, in state court, because the traffic stop was prolonged past the time necessary to issue the traffic citation. In the other case, *United States v. Terrel Walker*, the Trooper, immediately after saying that he pulls over people with dreads and

wife beater shirts, made a blatantly pretextual stop[2]. Including the case at bar, that amounts to three cases in which young, Black males are subjected to either pretextual traffic stops or prolonged detentions without articulable suspicion. It is reasonable to believe that there are more of these cases involving this Trooper. This is a sufficient showing to allow the defense to investigate this issue further.

## CONCLUSION

For the reasons set forth above, Mr. Jones asks the Court to reconsider its previous Order denying his Motion for Discovery, and that the Court order the production of the material requested therein.

Dated at Portland, Maine this 15th day of July, 2020.

/s/Peter E. Rodway, Esq.
rodlaw@maine.rr.com
P.O. Box 444
Portland, Maine 04112-0444
207-773-8449

## UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

I hereby certify that on July 15, 2020, I electronically filed Motion to Reconsider with the Clerk of The Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorney Meghan Connelly, Esq., and I hereby certify that on July 15, 2020, I mailed by U.S. Mail, the document to the following non-registered participant: Mr. Anthony Jones.

/s/Peter E. Rodway, Esq.

---

[2] Mr. Walker has challenged the Trooper's conduct on a myriad of different theories, including racial profiling.